**UNITED STATES DISTRICT COURT**

**SOUTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| SEAN MATTHEW FINNEGAN,<br><br>                          Plaintiff,<br><br>  v.<br><br>AMTRAK; AMTRAK POLICE DEPARTMENT,<br><br>                         Defendants. | Case No. 21-cv-00782-BAS-DEB<br><br>**ORDER DISMISSING ACTION WITHOUT PREJUDICE** |

On April 20, 2021, Plaintiff Sean Matthew Finnegan, proceeding pro se, commenced this action against Amtrak and the Amtrak Police Department and sought leave to proceed in forma pauperis ("IFP"). (ECF Nos. 1, 2.) The Court issued an order denying the request, noting that Plaintiff had submitted the incorrect IFP form and instructing him to complete the long form application—a copy of which was mailed to him by the Clerk's Office—and file it with the Court by May 14, 2021. (ECF No. 3.) The Court cautioned Plaintiff that failure to timely file the correct IFP form would result in dismissal of his action without prejudice. As of the date of this Order, Plaintiff has not filed a corrected IFP application, paid the filing fee for this case, or requested an extension of time to do so.

"Under 28 U.S.C. § 1915, a district court may authorize the commencement of a civil action IFP if it is satisfied that the plaintiff cannot pay the filing fees necessary to pursue the action." *La Douer v. U.C.S.F.*, No. 15-cv-02214-MEJ, 2015 WL 4323665, at *2 (N.D. Cal. July 15, 2015) (citing 28 U.S.C. § 1915(a)(1)). To obtain IFP status, an applicant must "submit[ ] an affidavit that includes a statement of all assets" showing that

the applicant "is unable to pay such fees or give security therefor." 28 U.S.C. § 1915(a)(1). An action cannot proceed where a plaintiff fails to prepay the entire fee only and is not granted leave to proceed IFP. *See Andrews v. Cervantes*, 493 F.3d 1047, 1051 (9th Cir. 2007); *Rodriguez v. Cook*, 169 F.3d 1176, 1177 (9th Cir. 1999).

Thus, because Plaintiff has not filed a corrected IFP application as required by Court order, and has otherwise failed to pay the filing fee, this action must be dismissed. *See Harris v. Madden*, No. 1:19-CV-01216-DAD-SKO (PC), 2020 WL 1139464, at *1 (E.D. Cal. Mar. 9, 2020) (dismissing action without prejudice after IFP application was denied and Plaintiff failed to pay required filing fee pursuant to court order); *see also Hamrick v. Fukino*, No. CV 08–00544 ACK–KSC, 2009 WL 1404535, at *2 (D. Hawai'i May 20, 2009) (citing *In re Perroton*, 958 F.2d 889 (9th Cir.1992) and *Olivares v. Marshall*, 59 F.3d 109, 112 (9th Cir.1995)) (finding plaintiff's failure to pay the filing fee or file an application to proceed in forma pauperis were sufficient grounds to recommend dismissal of the action).

Furthermore, weighing the relevant factors, *see Ferdik v. Bonzelet*, 963 F.2d 1258, 1260–61 (9th Cir. 1992), the Court finds that its interest in managing its docket and the public interest in expeditious resolution of this litigation outweigh the policy favoring disposition of cases on the merits. Defendant also has not been served and will therefore not be prejudiced by dismissal, and there are no less drastic alternatives available at this time. Thus, having the Court finds that Plaintiff's failure to timely file a corrected IFP application in accordance with the Court's order warrants dismissal. Accordingly, the Court **DISMISSES WITHOUT PREJUDICE** this action. The Clerk is instructed to close this case.

**IT IS SO ORDERED.**

**DATED: June 4, 2021**

Hon. Cynthia Bashant
United States District Judge